**Lavdrim SPAHIU and Dzemile Spahiu, Petitioners,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**Nos. 04–4346–ag(L), 04–4348–ag(Con).**

United States Court of Appeals, Second Circuit.

May 11, 2006.

Charles Christophe, Christophe & Associates, P.C., New York, New York, for Petitioner.

Charles T. Miller, Acting United States Attorney for the Southern District of West Virginia, Susan M. Arnold, Assistant United States Attorney, Charleston, West Virginia, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. SONIA SOTOMAYOR, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Lavdrim and Dzemile Spahiu petition for review of the BIA's July 20, 2004 decision affirming the decision of Immigration Judge ("IJ") Margaret McManus denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ's decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005).

Where an asylum applicant demonstrates past persecution, the government may rebut the presumption of future persecution by showing that a "change in circumstances in the applicant's country of nationality has occurred such that the applicant's fear [of future persecution] is no

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

longer well founded." *Guan Shan Liao v. DOJ,* 293 F.3d 61, 67 (2d Cir.2002) (citing 8 C.F.R. § 208.13(b)(1)(i)). Here, in finding sufficiently changed country conditions, the IJ relied on the State Department Country Report for Macedonia. That report indicates that Macedonia's new, democratically-elected government has passed a broad-based amnesty law which applies to supporters of the Albanian National Liberation Army, like Lavdrim Spahiu. The Country Report adequately supports the IJ's finding that, due to the breadth of the amnesty law, and its application in Macedonia, Lavdrim Spahiu will not face a risk of persecution upon return to Macedonia. *See, e.g., id.* at 313 (holding that State Department report constituted "substantial evidence" of changed country conditions).

Furthermore, as the Spahius were unable to show the objective likelihood of persecution needed to prove an asylum claim, they were necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Moreover, as the Spahius have also failed to demonstrate that they would be tortured if returned to Macedonia, their claims under the CAT fail as well. 8 C.F.R. §§ 208.16(c)(2), 208.18(a); *see also Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 133 (2d Cir.2003).

For the foregoing reasons, the petitions for review are DENIED. The pending motions for a stay of removal in these petitions are DENIED as moot.